IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GIGERE JACKSON, | § | |
| | § | |
| Defendant Below, | § | No. 171, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 1707014544 |
| | § | |
| Appellee. | § | |

Submitted: May 31, 2022
Decided: June 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the notice to show cause, it appears to the Court that:

(1)     On May 19, 2022, the appellant, Gigere Jackson, filed this appeal from an order dated and docketed on April 11, 2022, that denied his motion for postconviction relief.  Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before May 11, 2022.

(2)     On May 19, 2022, the Senior Court Clerk issued a notice directing Jackson to show cause why this appeal should not be dismissed as untimely filed. Jackson has not filed a response to the notice to show cause, but he submitted with his notice of appeal a letter stating his notice of appeal was late because the prison where he is incarcerated limits access to the law library.

(3)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  A notice of appeal must be received by the Court within the applicable time period to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]  An appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  The failure to file a timely appeal in this case is not attributable to court-related personnel.[5]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] DEL. SUPR. CT. R. 10(a).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] *Hughes v. State*, 2019 WL 1723098 (Del. Apr. 15, 2019).

[5] *See Whiteman v. State*, 2021 WL 129945 (Del. Jan. 11, 2021) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that his efforts to file a notice of appeal were delayed because of prison restrictions related to the COVID-19 pandemic, "including imposition of a fourteen-day quarantine period following his transfer from the violation-of-probation center and limited access to the law library"); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that he had to wait several weeks before gaining access to the prison law library).